ATTORNEY GENERAL *vs.* WARE RIVER RAILROAD COMPANY.

Suffolk.    March 5, 1919. — September 10, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Corporation,* Taxation. *Railroad.* [Ware River Railroad Company.

The Ware River Railroad Company, which was organized under St. 1867, c. 76, and before the completion of its road leased its entire property to the Boston and Albany Railroad Company for the term of nine hundred and ninety-nine years from 1874, and which never operated its road, but which receives from the lessee a sum not exceeding $500 a year for the reasonable expenses of maintaining its corporate existence and an annual rent of $52,500, all of which is paid in dividends to its stockholders, and has no other source of income, is not a corporation "doing business for profit" under St. 1918, c. 255, § 1, and accordingly is not subject to the tax imposed by that statute.

INFORMATION, filed in the Supreme Judicial Court on December 3, 1918, by the Attorney General at the relation of the Treasurer and Receiver General against the Ware River Railroad Company, alleged to be a corporation doing business for profit, to collect the additional tax imposed upon the net income of domestic corporations by St. 1918, c. 255.

The case came on to be heard before *De Courcy,* J., who at the request of the parties reserved it upon the pleadings and agreed facts for determination by the full court.

*W. H. Hitchcock,* Assistant Attorney General, for the plaintiff.

*G. H. Fernald, Jr.,* for the defendant.

Rugg, C. J.  This is an information brought at the relation of the Treasurer and Receiver General to collect taxes assessed under the provisions of St. 1918, c. 255, § 1, whereby a tax is imposed upon "Every corporation incorporated under the laws of this Commonwealth and doing business for profit." The relevant facts are that the defendant was organized as a corporation under St. 1867, c. 76, and authorized by § 2 thereof "to locate, construct, maintain and operate a railroad" between designated points. Before the railroad was completed the defendant leased its entire properties to the Boston and Albany Railroad Company for the term of nine hundred and ninety-nine years from 1874. It has never operated its railroad but maintains its corporate existence and organization and each year holds one meeting of stockholders and of directors. The reasonable expenses of maintaining its corporate existence, not exceeding $500 each year, are paid to it by the lessee. It receives as annual rent under its lease $52,500, all of which is paid in dividends to its stockholders. It has no other source of income. During the time here material it did not issue stock or bonds or exercise the power of eminent domain. Its railroad was operated by the lessee up to the time of the lease of that company to the New York Central and Hudson River Railroad Company in 1899. Since then it has been operated by the latter company. The defendant has exercised no other faculties or powers.

This case is much clearer to the effect that the corporation was not "doing business for profit" within the words of the statute than was *Attorney General* v. *Boston & Albany Railroad, ante,* 460, by which it is governed.

*Information dismissed with costs.*